# UNITED STATES DISTRICT COURT

| EASTERN | District of | PENNSYLVANIA |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|

**v.**

KARL SMITH
a/k/a KARL PRESTON SMITH BEY

Case Number:     DPAE2:14CR000051-001

USM Number:     12455-028

MARK T. WILSON, ESQ.
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)     1 THROUGH 5

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | CONSPIRACY. | 02/13/2009 | 1 |
| 18:513(a); 18:2 | COUNTERFEIT SECURITY; AIDING & ABETTING. | 03/09/2009 | 2-5 |

The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

AUGUST 10, 2015

Date of Imposition of Judgment

*Joel Slomsky*

Signature of Judge

CERTIFIED COPIES TO:

DEFENDANT

MARK T. WILSON, ESQ., ATTY. FOR DEFENDANT

CHRISTOPHER DIVINY, ESQ., AUSA
FLU

PROBATION (2) JUDY HUNT

PRETRIAL (2)

U.S. MARSHAL (2)

FISCAL DEPARTMENT

JOEL H. SLOMSKY, USDC JUDGE
Name and Title of Judge

*August 10, 2015*

Date

DEFENDANT:        KARL SMITH
CASE NUMBER:      DPAE2:14CR000051-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    **THIRTY (30) MONTHS.**

THIS TERM CONSISTS OF TERMS OF 30 MONTHS ON EACH OF COUNTS 1 THROUGH 5, ALL SUCH TERMS TO **RUN CONCURRENTLY**, EACH COUNT WITH THE OTHER.

X The court makes the following recommendations to the Bureau of Prisons:  DEFENDANT PARTICIPATE IN THE PRISON WORK PROGRAM & PROVIDE A MINIMUM PAYMENT OF $25.00 PER QUARTER TOWARDS HIS RESTITUTION.  THE COURT RECOMMENDS THAT THE DEFENDANT BE CONFINED IN A FEDERAL INSTITUTION IN MENSA, ARIZONA.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____  ☐ a.m.  ☐ p.m.  on  _____ .

    ☐  as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

at  _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

|  |  | Judgment—Page | 3 | of | 7 |
|---|---|---|---|---|---|

DEFENDANT:         KARL SMITH
CASE NUMBER:       DPAE2:14CR000051-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     **THREE (3) YEARS.**

THIS TERM CONSISTS OF TERMS OF 3 YEARS ON EACH OF COUNTS 1 THROUGH 5, ALL SUCH TERMS TO RUN
**CONCURRENTLY.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
     future substance abuse. (Check, if applicable.)

☐   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901,
     et seq.) as directed by the probation officer, the Bureau of Prisons, or any state offender registration agency in which he or she
     resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of
     each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other
     acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any
     controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a
     felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any
     contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the
     permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal
     record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the
     defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page ___4___ of ___7___

DEFENDANT:          KARL SMITH
CASE NUMBER:        DPAE2:14C4000051-001

## ADDITIONAL SUPERVISED RELEASE TERMS

WITHIN 72 HOURS OF RELEASE FROM THE CUSTODY OF THE BUREAU OF PRISONS, THE DEFENDANT
SHALL REPORT IN PERSON TO THE PROBATION OFFICE IN THE DISTRICT TO WHICH THE DEFENDANT IS
RELEASED.

WHILE ON SUPERVISED RELEASE, THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR
LOCAL CRIME, SHALL BE PROHIBITED FROM POSSESSING A FIREARM OR OTHER DANGEROUS DEVICE,
SHALL NOT POSSESS AN ILLEGAL CONTROLLED SUBSTANCE AND SHALL COMPLY WITH THE OTHER
STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT.

THE DEFENDANT SHALL PROVIDE THE U.S. PROBATION OFFICE WITH FULL DISCLOSURE OF HIS
FINANCIAL RECORDS TO INCLUDE YEARLY INCOME TAX RETURNS UPON THE REQUEST OF THE U.S.
PROBATION OFFICE.  THE DEFENDANT SHALL COOPERATE WITH THE PROBATION OFFICER IN THE
INVESTIGATION OF HIS FINANCIAL DEALINGS AND SHALL PROVIDE TRUTHFUL MONTHLY STATEMENTS
OF HIS INCOME.

THE DEFENDANT IS PROHIBITED FROM INCURRING ANY NEW CREDIT CHARGES OR OPENING
ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER, UNLESS THE
DEFENDANT IS IN COMPLIANCE WITH A PAYMENT SCHEDULE FOR HIS FINE AND RESTITUTION
OBLIGATIONS.  THE DEFENDANT SHALL NOT ENCUMBER OR LIQUIDATE INTEREST IN ANY ASSETS
UNLESS IT IS IN DIRECT SERVICE OF HIS FINE AND RESTITUTION OBLIGATIONS OR OTHERWISE HAS THE
EXPRESS APPROVAL OF THE COURT.

IN THE EVENT THE ENTIRE RESTITUTION IS NOT PAID PRIOR TO THE COMMENCEMENT OF SUPERVISION,
THE DEFENDANT SHALL SATISFY THE AMOUNT DUE IN MONTHLY INSTALLMENTS OF NOT LESS THAN
$200.00 , TO COMMENCE 30 DAYS AFTER RELEASE FROM CONFINEMENT.

THE DEFENDANT SHALL NOTIFY THE UNITED STATES ATTORNEY FOR THE DISTRICT WITHIN 30 DAYS OF
ANY CHANGE OF MAILING ADDRESS OR RESIDENCE THAT OCCURS WHILE ANY PORTION OF THE FINE
AND RESTITUTION  REMAINS UNPAID.

DEFENDANT:          KARL SMITH
CASE NUMBER:        DPAE2:14CR000051-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  500.00 | $  1,000.00 | $  4,909.00 |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| BUDMARK CHECK CASHING 7401 BUIST AVENUE PHILA., PA. 19153 | $500.00 | $500.00 | CHECKS SHOULD BE MADE PAYABLE TO: CLERK, U.S. DISTRICT COURT |
| DIAMOND CHECK CASHING 1320 CHESTER PIKE SHARON HILL, PA. 191072 | $500.00 | $500.00 | U.S. COURTHOUSE 601 MARKET STREET ROOM 2609 PHILA., PA. 19106 FOR DISTRIBUTION TO THE VICTIMS. |
| BOOTHWYN CHECK CASHING 3210 CHICHESTER AVE. BOOTHWYN, PA. 19061 | $500.00 | $500.00 | |
| UNITED CHECK CASHING 16 W. BALTIMORE AVE. LANSDOWNE, PA. 19050 | | | |

| **TOTALS** | $ _____4,909.00_____ | $ _4,909.00_____ |
|---|---|---|

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X   the interest requirement is waived for the    X   fine   X   restitution.

   ☐   the interest requirement for the    ☐   fine   ☐   restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:          KARL SMITH
CASE NUMBER:        DPAE2:14CR000051-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| CASH-A-CHECK CASHING 162 E. KING STREET LANCASTER, PA. 17602 | $500.00 | $500.00 | |
| LABRON ENTERPRISES 318 S. DUKE STREET LANCASTER, PA. 17602 | $500.00 | $500.00 | |
| T&E ENTERPRISES 523 W. KING STREET LANCASTER, PA. 17603 | $500.00 | $500.00 | |
| MARSHALL STREET CHECK CASHING 421 W. MARSHALL STREET NORRISTOWN, PA. 19401 | $1,409.00 | $1,409.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        KARL SMITH
CASE NUMBER:      DPAE2:14CR000051-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**    ☐    Lump sum payment of $ _____ due immediately, balance due

        ☐    not later than _____ , or
        ☐    in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**    **X**    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    **X** F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    **X**    Special instructions regarding the payment of criminal monetary penalties:

    IN THE EVENT THE ENTIRE RESTITUTION IS NOT PAID PRIOR TO THE COMMENCEMENT OF SUPERVISION, THE DEFENDANT SHALL SATISFY TE AMOUNT DUE IN MONTHLY INSTALLMENTS OF NOT LESS THAN $200.00, TO COMMENCE 30 DAYS AFTER RELEASE FROM CONFINEMENT.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.